NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KEITH MCFARLAND,<br><br>                      Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                      Defendant. | Civil Action No. 17-907 (SDW)<br><br>**OPINION**<br><br>December 6, 2018 |

**WIGENTON,** District Judge.

Before this Court is Plaintiff Keith McFarland's ("Plaintiff") appeal of the final administrative decision of the Commissioner of Social Security ("Commissioner"). Specifically, Plaintiff appeals Administrative Law Judge Theresa Merrill's ("ALJ Merrill") decision that Plaintiff was not disabled prior to May 24, 2012, to receive supplemental security income under Title XVI of the Social Security Act (the "Act"). This appeal is decided without oral argument pursuant to Federal Rule of Civil Procedure 78.[1] This Court has subject matter jurisdiction pursuant to 42 U.S.C. § 405(g). Venue is proper under 28 U.S.C. § 1391(b). For the reasons set forth below, this Court finds that ALJ Merrill's factual findings are supported by substantial credible evidence and that her legal determinations are correct. Therefore, the Commissioner's decision is **AFFIRMED**.

---

[1] This Court considers any arguments not presented by the parties to be waived. *See Brenner v. Local 514, United Bhd. of Carpenters & Joiners*, 927 F.2d 1283, 1298 (3d Cir. 1991) ("It is well established that failure to raise an issue in the district court constitutes a waiver of the argument.").

1

## I. PROCEDURAL AND FACTUAL HISTORY

This Court writes exclusively for the parties, who are familiar with the procedural and factual history of this case, and will set forth only those facts necessary to this Court's analysis.

### A. Procedural History

On December 8, 2011[2], Plaintiff filed an application for supplemental security income, alleging disability due to hearing loss beginning on June 15, 2011. (Administrative Record [hereinafter Tr.] 194.) However, Plaintiff was found disabled as of May 24, 2012. (*Id.*) He appealed the May 24, 2012, onset disability date and was denied initially on June 7, 2012, and again on reconsideration on March 19, 2013. (Tr. 15.) Plaintiff then filed a written request for a hearing on August 29, 2013. (*Id.*) On February 3, 2015, ALJ Merrill held a video hearing in Newark, New Jersey and Plaintiff appeared from Philadelphia, Pennsylvania. (Tr. 29.) Subsequently, on March 18, 2015, ALJ Merrill concluded that Plaintiff was not disabled prior to May 24, 2012, but became disabled under § 1614(a)(3)(A) of the Act on that date and has continued to be disabled through the date of ALJ Merrill's decision. (Tr. 15-23.) This appeal followed. (ECF No. 1).

### B. Factual History

1. Personal and Employment History

Plaintiff was thirty-seven years old at the time of his alleged onset disability date, June 15, 2011. (Tr. 41, 211-12.) At the time of the administrative hearing, Plaintiff's most recent significant employment was loading and unloading trucks and palletizing stock. (Tr. 41, 212.) In

---

[2] This Court notes that there is a non-dispositive discrepancy with the filing date cited by the ALJ in her decision and the date indicated in Plaintiff's application for supplemental security income. (Tr. 15.)

that position, Plaintiff frequently stood for eight hours of the work day, and handled or lifted items weighing 50 pounds or more. (Tr. 41, 212.)

     2. Medical History

Plaintiff's medical records demonstrate the following: on June 15, 2011, he was admitted to the emergency department at Cooper University Hospital after being struck by a sports utility vehicle (Tr. 46, 257); since childhood, he had a history of hearing and vision impairment (*id.*); he lost his hearing aids in or around 2008 (*id.*); and prior to May 24, 2012, all medical examinations at Cooper University Medical Center revealed that Plaintiff's right ear was normal. (*See* Tr. 260, 280, 292.)[3] On February 7, 2012, a visit to the CompleteCare Health Network reported "negative" for hearing loss. (Tr. 339.) On May 24, 2012, during an audiological consultative examination performed by Emil Liebman, M.D., the examination revealed "severe hearing loss bilaterally with very poor discrimination[:]" 16% in the right ear and 0% in the left. (Tr. 351.) On May 26, 2012, Plaintiff underwent an evaluation by Francky Merlin, M.D., who noted that Plaintiff "cannot hear whispered voice" and was "remarkable for hearing loss[.]" (Tr. 347-48.)

     3. Hearing Testimony

ALJ Merrill held a hearing on February 3, 2015, to determine whether Plaintiff's onset date should be modified from May 24, 2012 to June 15, 2011. Plaintiff testified to the following relevant information[4]: he has traumatic brain injury and daily headaches as a result of the motor vehicle accident (Tr. 43-44); he takes medications to help with his symptoms (Tr. 44); prior to the

---

[3] This Court notes that the Consultation Report dated June 21, 2011, reports that per Plaintiff's mother, Plaintiff is deaf in the left ear, has hearing loss in the right ear, and poor vision. (Tr. 284.)
[4] This Court notes that all of Plaintiff's testimony will not be summarized as it is not relevant to the instant appeal. The only issue is whether Plaintiff's hearing loss occurred prior to May 24, 2012.

accident he used hearing aids in both ears (Tr. 46); as a result of the accident he has had difficulty with speech and memory (Tr. 44-45); and after the accident his hearing worsened (*id.*).

Vocational Expert Rocco J. Meola ("VE Meola") also testified and reported that a hypothetical individual with limitations that are similar to Plaintiff's could perform the following three occupations: a microfilm mounter (approximately 150,000 jobs available), a ticketer (approximately 120,000 jobs available), and a weld inspector (approximately 50,000 jobs available). (Tr. 54-56.)

## II. LEGAL STANDARD

In Social Security appeals, this Court has plenary review of the legal issues decided by the Commissioner. *Knepp v. Apfel*, 204 F.3d 78, 83 (3d Cir. 2000). However, this Court's review of the ALJ's factual findings is limited to determining whether there is substantial evidence to support those conclusions. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999).

Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal citation and quotations omitted). Thus, substantial evidence is "less than a preponderance of the evidence, but 'more than a mere scintilla.'" *Bailey v. Comm'r of Soc. Sec.*, 354 F. App'x 613, 616 (3d Cir. 2009) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Importantly, "[t]his standard is not met if the Commissioner 'ignores, or fails to resolve, a conflict created by countervailing evidence.'" *Id.* (quoting *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983)). However, if the factual record is adequately developed, "the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." *Daniels v. Astrue*, No. 4:08-cv-1676, 2009 WL 1011587, at *2 (M.D. Pa. Apr. 15,

2009) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966) (internal quotation marks omitted)). "The ALJ's decision may not be set aside merely because [a reviewing court] would have reached a different decision." *Cruz v. Comm'r of Soc. Sec.*, 244 F. App'x 475, 479 (3d Cir. 2007) (citing *Hartranft*, 181 F.3d at 360). "[W]here there is conflicting evidence, the ALJ must explain which evidence he accepts and which he rejects, and the reasons for that determination." *Cruz*, 244 F. App'x at 479 (citing *Hargenrader v. Califano*, 575 F.2d 434, 437 (3d Cir. 1978)).

A claimant's eligibility for social security benefits is governed by 42 U.S.C. § 1382. An individual will be considered disabled under the Act if the claimant is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment" lasting continuously for at least twelve months. 42 U.S.C. § 423(d)(1)(A). The impairment must be severe enough to render the individual "not only unable to do his previous work but [unable], considering his age, education, and work experience, [to] engage in any kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A). A claimant must show that the "medical signs and findings" related to his or her ailment have been "established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological, or psychological abnormalities which could reasonably be expected to produce the pain or other symptoms alleged . . . ." 42 U.S.C. § 423(d)(5)(A). To make a disability determination, the ALJ follows a five-step sequential analysis. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see also Cruz*, 244 F. App'x at 480.

**III. DISCUSSION**

As an initial matter, ALJ Merrill properly applied the five-step disability test before determining that Plaintiff was not disabled prior to May 24, 2012. The ALJ's findings are supported by substantial credible evidence and there is no basis for remand or reversal because the ALJ appropriately considered all of Plaintiff's medically-supported complaints.[5] (Tr. 15-22.)

The gravamen of Plaintiff's appeal is that at step three the Commissioner erred in finding that the established onset date of disability was May 24, 2012, and not the date of Plaintiff's motor vehicle accident, June 15, 2011. However, this argument is not supported by the record. (ECF No. 7.) Pursuant to Social Security Ruling ("SSR") 83-20, "medical evidence is the primary consideration in determining the disability onset date." *Thelosen v. Comm'r of Soc. Sec.*, 384 F. App'x 86, 91 (3d Cir. 2010); *see also Welsh v. Comm'r of Soc. Sec.*, 662 Fed. App'x 105, 107 (3d Cir. 2016) (finding that the ALJ properly considered Plaintiff's work history and medical evidence in its entirety and concluded that they were inconsistent with Plaintiff's alleged onset date).

At step three ALJ Merrill found that prior to May 24, 2012, Plaintiff did not meet the requirements of 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Listing"), 2.10, which addresses hearing loss not treated with cochlear implantation. (ECF No. 7 at 8.) In reaching this conclusion, the ALJ considered the requirements for a claimant to meet Listing 2.10(B): Plaintiff must have "[a] word recognition score of 40 percent or less in the better ear determined using a standardized list of phonetically balanced monosyllabic words (see 2.00B2e)." 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Listing"), 2.10.

---

[5] This Court notes that the only step at issue on appeal is step three. Thus, this Court finds that ALJ Merrill's conclusions in steps one, two, four, and five were supported by the record.

ALJ Merrill evaluated the medical evidence presented, including records from the emergency room, internal medicine consultative examination, and the audiological evaluation and analysis before properly concluding that prior to May 24, 2012, no such evidence in the record showed that Plaintiff had any impairment in his right ear. (Tr. 18-20, 260 ("Ears: Normal"), 280 (same), 292 ("right ear, canal, TM normal – effusion resolved").) Instead, the record shows that in May 2012, Plaintiff's hearing evaluation revealed "severe hearing loss bilaterally with very poor discrimination[:] 16% in the right ear and 0% in the left." (Tr. 351.) Thus, Plaintiff's disagreement with the ALJ's finding, without more, is insufficient to warrant a reversal.

This Court is required to give deference to the ALJ's findings if it is supported by substantial evidence in the record. *See Scott v. Astrue*, 297 F. App'x 126, 128 (3d Cir. 2008). ALJ Merrill's determination that Plaintiff was not disabled under the Act prior to May 24, 2012 is supported by substantial credible evidence in the record.

## IV. CONCLUSION

Because this Court finds that ALJ Merrill's factual findings were supported by substantial credible evidence in the record and her legal conclusions were correct, the Commissioner's decision is **AFFIRMED**.

s/ *Susan D. Wigenton*
**SUSAN D. WIGENTON**
**UNITED STATES DISTRICT JUDGE**

Orig: Clerk
cc: Parties

7